IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS TOLER,

    Plaintiff,

v.                                                                                                  No. 24-cv-01090-DHU-DLM

HECTOR RIOS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court on Plaintiff Thomas Toler's Letter-Motion Seeking Injunction (Doc. 1) (Letter-Motion). Toler is a state prisoner and is proceeding *pro se*. The Letter-Motion consists of one paragraph. Toler asks the Court to enter an injunction requiring female correctional officers to perform any strip searches. *See* Doc. 1 at 1. Toler is a transgender woman and has previously been searched by male officers. *Id.* While the Letter-Motion does not raise any specific claims, it appears Toler seeks injunctive relief under 42 U.S.C. § 1983. *See Brown v. Buhman,* 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of constitutional rights"). The Clerk's Office mailed Toler a blank § 1983 complaint and a blank motion to proceed *in forma pauperis*, with instructions, on October 25, 2024. Toler did not respond or return those mailings.

    Because Toler has not yet submitted any signed pleading, the Court cannot grant injunctive relief at this stage. Fed. R. Civ. P. 65 only permits an injunction where: (1) the plaintiff sets out specific facts in a signed affidavit or verified complaint; or (2) the adverse party has received notice of such affidavit/complaint. *See* Fed. R. Civ. P. 65(a)(1) and (b)(1)(A). The instant Letter-

Motion is not signed, as required by the rule. Moreover, while the Letter-Motion points to a potentially concerning policy violation, it lacks sufficient factual detail to weigh the factors governing injunctive relief. *See Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001) (To obtain an injunction, a movant must clearly establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party; and (4) the injunction is not adverse to the public interest).

For these reasons, the Court must deny the Letter-Motion without prejudice to refiling. If Toler seeks to prosecute a federal claim based on the prison's search practice, she must file a § 1983 complaint within thirty (30) days of entry of this ruling. By the same deadline, Toler must prepay the $405 civil filing fee or, alternatively, file a motion to proceed *in forma pauperis* along with an inmate account statement reflecting transactions for a six-month period. All filings shall include the case number (24-cv-1090-DHU-DLM) and be labeled as legal mail. The failure to timely comply with each directive in this Order may result in dismissal without prejudice.

Toler is advised that her complaint "must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). Toler should include details regarding who performed the searches, the frequency of the searches, the warden's response to any grievances, and the New Mexico Corrections Department search policies (if such information is available). If Toler seeks injunctive relief, she may refile that motion along with the formal complaint. The filings should be signed under penalty of perjury as required by Rule 65.

**IT IS ORDERED** that Toler's Letter-Motion Seeking Injunction (**Doc. 1**) is **DENIED without prejudice to refiling.**

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Toler shall: (1) file a 1983 complaint; and (2) pay the $405 filing fee or file a motion to proceed *in forma pauperis* along with a copy of her six-month inmate account statement.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Toler another blank § 1983 civil rights complaint and blank motion to proceed *in forma pauperis*.

_____
HONORABLE DAVID H. URIAS
UNITED STATES DISTRICT JUDGE